

**SO ORDERED,**

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

In re:

| | |
|---|---|
| DEBRA A. RILEY, | Case No.    15-13961-JDW |
| Debtor. | Chapter    13 |

ORDER SUSTAINING DEBTOR'S OBJECTION
TO SECURED CLAIM OF DITECH FINANCIAL (DKT. # 17)

This matter came before the Court for hearing on April 5, 2016 on the *Objection to the Secured Claim of Ditech Financial LLC* (the "Objection")(Dkt. # 17), filed by Debra Riley (the "Debtor"). Ditech Financial LLC (the "Ditech") filed a *Response* (Dkt. # 19), contesting the arguments made in the Objection. The core issue in the Objection is whether Panola County's tax lien primes Ditech's previously perfected security interest. After the hearing, the parties submitted stipulated facts (Dkt. # 35) and agreed on a deadline for simultaneous briefs to be filed (Dkt. # 36). The parties timely submitted their briefs (Dkt. # 38, 39, & 40), and the Court has reviewed the arguments, the stipulated facts and issues, and the

1

applicable law. The Court finds and concludes that Panola County's tax liens have priority over Ditech's secured claim.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (K), and (O).

## II. FACTS

The following facts were stipulated and submitted to the Court by the parties (Dkt. # 35):

1. The Debtor filed her petition for relief under Chapter 13 of the Bankruptcy Code on November 4, 2015 in the above styled and numbered cause.

2. The Debtor is the owner of a 1996 16 x 80 Chandeleur mobile home with Serial #CH1AL12216 (the "Mobile Home"), which as of the Petition Date had a value of $8,525.00.

3. Ditech filed its proof of claim (Clm #1) in the amount of $23,152.19 on the 27th day of November, 2015. Ditech holds a perfected lien or security interest in the Mobile Home. A copy of the proof of claim is attached hereto as Exhibit "A".

4. Panola County filed 13 separate proofs of claims (Clms. # 2 through 14) on the 1st day of December, 2016. The claims cover the mobile home taxes due from 2002 through 2014. Panola County holds a statutory lien on the Mobile Home. Copies of the proofs of claim filed by Panola County are attached hereto as Group Exhibit "B".

5. Each of the tax claims are due on or before January 31st of the year following the tax year for each of the claims, and interest first accrued on each tax claim on February 1st of the year following the tax year for each of the claims. For example: The 2002 mobile home taxes were due on or before

2

January 31, 2003, and interest first accrued on the 2002 mobile home taxes on February 1, 2003.

6. A list of the tax claims, along with the amount of the claim as of the Petition Date the tax year for each claim and the date that interest first accrued on each claim is as follows:

| Clm # | Amt of Clm | Tax Year | Date Int 1st Accrued |
|---|---|---|---|
| 2 | $533.39 | 2002 | 02/01/2003 |
| 3 | $440.09 | 2003 | 02/01/2004 |
| 4 | $428.80 | 2004 | 02/01/2005 |
| 5 | $386.90 | 2005 | 02/01/2006 |
| 6 | $399.26 | 2006 | 02/01/2007 |
| 7 | $347.17 | 2007 | 02/01/2008 |
| 8 | $318.67 | 2008 | 02/01/2009 |
| 9 | $293.14 | 2009 | 02/01/2010 |
| 10 | $232.99 | 2010 | 02/01/2011 |
| 11 | $182.04 | 2011 | 02/01/2012 |
| 12 | $146.85 | 2012 | 02/01/2013 |
| 13 | $132.60 | 2013 | 02/01/2014 |
| 14 | $128.20 | 2014 | 02/01/2015 |
| **Total** | **$3,970.10** | | |

7. Panola County filed a tax lien in the Judgment Rolls of Panola County, Mississippi on the 2008 mobile home tax, which as of the Petition Date had a balance of $318.67.

8. The total amount of the tax claims, excluding the 2008 tax claim is $3,651.43.

### III. CONCLUSIONS OF LAW

The parties' dispute centers on Mississippi Code § 27-35-1, which provides:

Taxes (state, county and municipal) assessed upon lands or personal property, excepting motor vehicles as defined by the Motor Vehicle Ad Valorem Tax Law of 1958, Sections 27-51-1 through 27-51-49, shall bind the same and, . . . shall be entitled to preference over all judgments, executions, encumbrances or liens whensoever created; and all such taxes assessed shall be a lien upon and bind the property assessed.

According to this provision, and as pointed out in the parties' briefs, Panola County's ad valorem tax claims on the Mobile Home have priority over Ditech's secured claim unless the mobile home is considered a motor vehicle.[1] Motor vehicles, as defined in Miss. Code § 27-51-1 through 27-51-49 (the "Motor Vehicle Ad Valorem Tax Law"), are specifically excluded from the scope of Miss. Code § 27-35-1. Ditech argues that the Mobile Home is a motor vehicle and, thus, Miss. Code §27-35-1 does not apply. Panola County asserts that Miss. Code § 27-35-1 does apply to its ad valorem tax liens on the Mobile Home and that it has priority over Ditech's secured claim.

A.  Definition of "Motor Vehicle" for the Motor Vehicle Ad Valorem Tax Law

The term "motor vehicle," for purposes of the Motor Vehicle Ad Valorem Tax Law, is defined in Miss. Code § 27-51-5 as "any device and attachments supported by one or more wheels which is propelled or drawn by any power other than muscular power over the highways, streets or alleys of this state." The definition goes on to add:

> mobile homes which are detached from any self-propelled vehicles and parked on land in the state are hereby expressly exempt from the motor vehicle ad valorem taxes, but house trailers which are actually in transit and which are not parked for more than an overnight stop are not exempted.

MISS. CODE ANN. § 27-51-5. Because the definition states that mobile homes are "expressly exempt from motor vehicle ad valorem taxes," it removes mobile homes from the purview of the Motor Vehicle Ad Valorem Tax Law.

---

[1] Ditech's secured claim was perfected in April of 1998. Panola County has tax liens on the Mobile Home for the tax years 2002 to 2014.

4

In addition, and in contradistinction, ad valorem taxes on mobile homes are addressed independently in §§ 27-53-1 through 27-53-33. One chapter (Title 27, Chapter 51 of the Mississippi Code) governs ad valorem taxes on motor vehicles, whereas another chapter (Title 27, Chapter 53 of the Mississippi Code) governs ad valorem taxes on mobile homes. By doing so, the statutory scheme delineates between motor vehicles and mobile homes.

Chapter 53 defines "mobile home" as:

> any structure, transportable in one or more sections, which in the traveling mode, is eight (8) body feet or more in width or forty (40) body feet or more in length or, when erected on site, is three hundred twenty (320) or more square feet and which is built on a permanent chassis and designed and constructed so as to be suitable for use for domestic, commercial or industrial purposes, with or without a permanent foundation and manufactured prior to June 15, 1976, when such structure is detached from a *motor vehicle* and parked on real estate as opposed to being towed by a self-propelled vehicle on the highways of this state. This definition includes all such structures which are parked even for a period of only a few months and excludes only those actually in transit on the highways or parked for no more than an overnight stop.

MISS. CODE ANN. § 27-53-1 (emphasis added). According to this definition, mobile homes are separate and distinct from motor vehicles. Seen in this context, the terms "mobile home" and "motor vehicle" are not synonymous. The procedure for assessing ad valorem taxes on motor vehicles is separate from the assessment of ad valorem taxes on mobile homes. The plain language of the priming statute found at Miss. Code § 27-35-1 contains no exception for mobile homes.

Previous judicial and Mississippi Attorney General opinions support the conclusion that mobile homes are not included in the motor vehicle exception. *See*

*e.g., In re Williams*, Case No. 09-14582-DWH, Dkt. # 67 (Bankr. N.D. Miss. Aug. 20, 2010); Bruce Lewis, Op. Att'y Gen., 2014 WL 6471853 (Miss. Oct. 3, 2014); Russell Rogers, Op. Att'y Gen., 1997 WL 306810 (Miss. May 30, 1997). While the case law and legislative history do not offer a detailed analysis of this narrow query, a few previous cases and Attorney General opinions address it by implication. This Court has previously addressed a tangential issue in a factually similar situation. *Williams*, Case No. 09-14582-DWH, Dkt. # 67. There, Yalobusha County claimed a lien on the debtor's mobile home due to unpaid ad valorem taxes assessed on the mobile home. A secured creditor also held a lien on the mobile home. *Id.* at *2. Citing to Miss. Code § 27-35-1, the Court held that Yalobusha County's taxes had priority over all other judgments, executions, encumbrances and liens whensoever created. *Id.* While the Court did not expressly mention the motor vehicle exception, that language did not bar Miss Code §27-35-1 from applying to the mobile home in question. *Id.*

While not binding, Mississippi Attorney General opinions that address state tax liens on mobile homes have not found mobile homes to come within the motor vehicle exception. In one opinion, the Attorney General stated that Miss. Code § 27-35-1 applies to mobile homes, but did not address the applicability of the motor vehicle exception—which implies that the Attorney General does not believe that mobile homes are motor vehicles. Rogers, 1997 WL 306810 at *2. Again, in 2014 the Attorney General issued an opinion stating that ad valorem taxes assessed on a mobile home will survive a foreclosure initiated by another lienholder. Lewis, 2014

WL 6471853 at *2. Although the opinion, again, does not mention the motor vehicle exception, it assumes that it does not inhibit Miss. Code § 27-35-1 from applying to ad valorem taxes on a mobile home. *Id.*

In sum, mobile homes are not included in the motor vehicles exception cited Miss. Code § 27-35-1. As a result, Miss. Code § 27-35-1 applies and Panola County's tax liens assessed on the Mobile Home have priority over Ditech's secured claim.

B.   **Applicability of Miss. Code § 27-41-101**

For the 2008 tax assessment, Panola County enrolled a tax lien in the judgment rolls of Panola County, Mississippi. However, it is not clear from the stipulated facts whether Panola County followed the formalities required by Miss. Code § 27-41-101, such as providing "written notice to the taxpayer and to any secured lender demanding the payment of the ad valorem taxes on personal property then remaining in default within twenty (20) days from the date of the delivery of the notice." MISS. CODE ANN. § 27-41-101(1). For all other tax years, Panola County did not elect to pursue the enhanced collection mechanism of Miss. Code § 27-41-101.

Panola County was not required to satisfy the requirement of Miss. Code § 27-41-101, however, because the ad valorem taxes were assessed on the mobile home itself. The permissive collection method offered in Miss. Code § 27-41-101 would only come into play if Panola County's tax lien was assessed on separate property and it attempted to collect on the Mobile Home to satisfy its claim. But

7

Miss. Code § 27-41-101 is not needed for Panola County to have priority over other lenders for ad valorem taxes assessed upon the Mobile Home.

Ditech originally raised Miss. Code § 27-41-101 as a defense against the priority of Panola County's tax lien (Dkt. # 19); however, it seemingly abandoned this argument (*Compare* Dkt # 19, *with* Dkt. # 40), and rightfully so. The permissive collection provision in § 27-41-101 does not diminish the effect of the tax priority statute found at Miss. Code § 27-35-1.

## IV. CONCLUSION

Although mobile homes receive treatment similar to motor vehicles in some areas of Mississippi law, they are not ordinarily defined as motor vehicles. The Motor Vehicle Ad Valorem Tax Law's definition of "motor vehicle" expressly exempts mobile homes from motor vehicle ad valorem taxes, and thereby excludes mobile homes from the broad definition of "motor vehicles" in the statute. The relevant case law and administrative guidance support this interpretation and confirm that taxes assessed on mobile homes are given priority pursuant to Miss. Code § 27-35-1, notwithstanding the motor vehicle exception. Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the Debtor's Objection (Dkt. # 17) is **SUSTAINED.** Panola County's tax liens on the Mobile Home have priority over Ditech's secured claim.

##END OF ORDER##